HEALTHBRIDGE MANAGEMENT, LLC, et al. Petitioner

v.

NATIONAL LABOR RELATIONS BOARD, Respondent

No. 15-1110
Consolidated with 15-1129
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed: 09/30/2016

Bernard Phillip Jeweler, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Washington, DC, Brian Jeffrey Gershengorn, Seth Diamant Kaufman, Esquire, Attorneys, Fisher Phillips LLP, New York, NY, for Healthbridge Management, LLC, 710 Long Ridge Road Operating Co. II, LLC, doing business as Long Ridge of Stamford.

Jared David Cantor, Linda Dreeben, Deputy Associate General Counsel, Kira Dellinger Vol, National Labor Relations Board (NLRB), Appellate and Supreme Court Litigation Branch, Washington, DC, for National Labor Relations Board.

BEFORE: Brown, Circuit Judge, and Edwards and Ginsburg, Senior Circuit Judges.

**JUDGMENT**

Per Curiam

This petition was considered on the record from the National Labor Relations Board and was briefed and fully argued by the parties. It is

ORDERED AND ADJUDGED that the petition for review be denied and the cross-application for enforcement be granted. The statements made by Polly Schnell to Laurence Condon in a phone call after Patrick Atkinson led a group of 15–20 employees into her office to participate in a walk-in to discuss workplace issues do not qualify as present sense impressions. While Federal Rule of Evidence 803(1) does not require precise contemporaneity between the event and the statement, this Circuit has held a statement made over 15 minutes after an event is too far removed from the event to qualify as a present sense impression. See Hilyer v. Howat Concrete Co., 578 F.2d 422, 426 n.7 (D.C. Cir. 1978). Here, it is unclear from the record how much time elapsed between the walk-in and Schnell's phone call to Condon, but it is possible the statements were made up to an hour after the incident. Thus, the statements were too far removed from the event to qualify as present sense impressions and were properly excluded as hearsay. Also, Petitioners' arguments relating to the excited utterance hearsay exception are forfeited because they were only briefly mentioned in a footnote in their brief to the Board, which was insufficient to preserve the issue on appeal. See CTS Corp. v. EPA, 759 F.3d 52, 64 (D.C. Cir. 2014) ("[H]iding an argument [in a footnote] and then articulating it in only a conclusory fashion results in forfeiture."). Finally, the Board's application of the factors set forth in Atlantic Steel Co., 245 NLRB 814, 816 (1979) is supported by substantial evidence. The Board's version of the walk-in is corroborated by numerous witnesses to the walk-in and is only contradicted by Schnell's version of it. Even if this Court were to accept Petitioners' version of the events, Atkinson's conduct during the walk-in was not severe enough to cause him to lose protection under the Board's

**2**

precedent. *See,·e.g., Stanford New York, LLC*, 344 NLRB 558,·559 (2005) (holding a profane outburst in an employee lunchroom overheard by·another employee did not lose protection); *In re Datwyler Rubber & Plastics, Inc.*, 350 NLRB 669, 669–70 (2007) (holding an outburst at a meeting in which an employee insulted her supervisor and threatened divine judgment on the supervisor did not lose protection).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.